# Bell *et. ux. v.* Allen.

### *Action on Promissory Note.*

1. *Misjoinder.*—A misjoinder of plaintiffs, whether disclosed by the record or by evidence on the trial, is fatal to recovery.

2. *Same.*—Where the debtor of the wife, on transactions had with her while *sole*, makes a note payable to the husband alone—either the wife is the real beneficial owner (under § 2523 R. C.) and must sue alone, or the promise is an express promise to pay the husband as her trustee, on which he alone can sue; and whether the one or the other, in no event could husband and wife maintain a joint suit upon the note.

3. *Charge on effect of eivdence; presumption as to.*—Unless it affirmatively appears to the contrary, it will be presumed that a charge upon the effect of the evidence, was given at the request of one of the parties.

APPEAL from Circuit Court of Talladega.
Tried before Hon. W. H. SMITH.
The opinion states the case.

FITZPATRICK & RUGELY, for appellant.

TAUL BRADFORD, *contra.*

[Bell v. Allen.]

BRICKELL, C. J.—The suit was commenced by the appellant, Thomas B. Bell, in his own name, not joining his wife, on a promissory note payable to him alone, made by the appellee. Subsequently the complaint was amended by joining the wife as party plaintiff, and adding a count on account stated by the plaintiffs and defendant, whereby it was ascertained the defendant was indebted to the wife, on dealings with her whilst sole, in the sum of seven hundred and eighteen dollars and twelve cents, and therefore made his promissory note payable to the husband. The evidence introduced on the trial was without conflict, and showed that defendant had in 1865, or in 1866, purchased of the wife, whilst sole, four bales of cotton, the property of her former husband, of whose estate no administration had been granted, and not having paid therefor, after her marriage, for the payment of the purchase money, made the note payable to Bell, on which this note is founded. Before, and subsequent to the amendment of the complaint, the court charged the jury, the plaintiff could not recover. To the charge the plaintiffs excepted, submitted to a non-suit, and now move that it be set aside.

A misjoinder of plaintiffs, whether disclosed on the record, or by the evidence offered on the trial, is fatal to a recovery. All the plaintiffs in action at law, must be entitled to recover, otherwise none of them can recover in it. The rule is applicable to a misjoinder of husband and wife. *Walker* v. *Fenner*, 28 Ala. 367.

Mrs. Bell, having possession of the cotton, after the death of her former husband, of whose estate it formed a part, could have retained it against every one but a rightful administrator. If her possession had been disturbed by any one else than a rightful administrator, or one claiming under him, she could have maintained an appropriate action, to redress the injury. *Brown* v. *Beason*, 24 Ala. 466.

Having whilst sole, and when there was no administrator, made sale of the cotton to the appellee, he became bound to pay her for it, and she could have maintained an action against him for the price agreed to be paid. That she was not the owner of the cotton, and had not authority to sell, would not have been a defense to her action for the recovery of the price, unless connected with evidence, that an administrator had interposed a claim to the cotton, or to the price. *Upchurch* v. *Norsworthy*, 15 Ala. 705. On her marriage, the debt due her from the appellee, for the price of the cotton, was as between her, her husband and the appellee, her statutory estate, for the recovery of which, by force of the ex-

[Satterfield v. John.]

press words of the statute, she must have sued alone. R. C. § 2525. The appellee having made his promissory note, after her marriage, payable to the husband alone, for the debt due the wife for the cotton, it is either true, that the wife became the real, beneficial owner of the note, and must have sued thereon, in her own name, (R. C. § 2523,) or, that an express promise to pay the husband as her trustee, on which he alone could sue. Whether the one, or the other of these propositions, is true, it is not material to inquire, for if the first is true, the wife is the only proper plaintiff.

When the wife was introduced into the suit, there was produced a misjoinder of plaintiffs, on any aspect of the case.

The court therefore did not err in the charges given. The statute prohibits the court from charging on the effect of the evidence, unless requested. (R. C. § 2678.) If it has any application to a case like the present, as it does not affirmatively appear the charge was not given on request, to support the judgment, the request would be presumed. *English v. McNair*, 34 Ala. 40.

The judgment is affirmed.