FLORIDA EAST. COAST RAILWAY COMPANY, *Plaintiff in Error*, v. GERTRUDE BAKER JACKSON AND HER HUSBAND, W. O. JACKSON, *Defendants in Error*.

Opinion Filed May 6, 1913.

DEATH BY WRONGFUL ACT—STATUTES GIVING RIGHT OF RECOVERY FOR TO BE STRICTLY CONSTRUED—STEP-FATHER CANNOT MAINTAIN ACTION FOR DEATH OF STEP-SON—MISJOINDER OF PLAIN-TIFFS.

1.  In suits for damages for the death of another by wrongful act or negligence it is well settled that the action is maintainable only by the person who is by the terms of the statute authorized to maintain it.

2.  Our Florida statute does not give the stepfather the right to maintain an action for the death of his minor stepson, even as to the husband of such stepson's own mother, and joining such stepfather as a plaintiff in such a case with the deceased minor's own mother is a fatal misjoinder of parties plaintiff—as under the statute, where, as in this case, the deceased minor's own father is also deceased, only his mother is given the right to maintain the action.

Writ of error to the Circuit Court for Duval County.

Judgment reversed.

*Alex St. Clair-Abrams,* for Plaintiff in Error;

*D. C. Campbell,* for Defendants in Error.

TAYLOR, J.—The defendants in error, hereinafter referred to as the plaintiffs, brought suit in the Circuit Court of Duval County against the plaintiff in error, hereinafter referred to as the defendant, for the alleged wrongfully death of Joseph Lee Baker, an alleged minor son of the plaintiff, Gertrude Baker Jackson, by a former husband who was dead at the time of the death of said son, she having married her co-plaintiff, William O. Jackson, prior to the death of said son by her former marriage. The trial of the cause resulted in a verdict and judgment in favor of the plaintiffs in the sum of $30,000.00 for damages for mental pain and suffering alone of the plaintiff's mother, there being no proof of any other loss accruing to her in consequence of the death. This judgment the defendant below brings here for review by writ of error.

The issues were made up and the cause was tried on the allegations of an amended declaration. To each of the counts of this amended declaration the defendant interposed a demurrer upon the ground, among others, of a misjoinder of parties plaintiff, but all of these demurrers were overruled by the court below, and such ruling is assigned as error. This ruling was error. There is no question better settled in this class of cases than that the action is maintainable only by the person who is by the terms of the statute authorized to maintain it.

Tiffany's Death by Wrongful Act (2nd ed.), Sec. 116 and citations; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246.

In the case of Thornburg v. American Strawboard Company, 141 Ind. 443, 40 N. E. Rep. 1062, 50 Am. St. Rep. 334, it was held that statutes giving to parents the right to sue for the wrongful death of a minor child are in derogation of the common law, and must be strictly construed, and that a step-father could not under the statute maintain an action for the wrongful death of his minor step-child.

In the case of Bell v. Allen, 53 Ala. 125, it was held that a misjoinder of plaintiffs, whether disclosed on the record, or by the evidence offered on the trial, is fatal to a recovery. All the plaintiffs in an action at law must be entitled to recover, otherwise none of them can recover in it. This rule is applicable to a misjoinder of husband and wife. Walker v. Fenner, 28 Ala. 367.

In the case of the The City of Chicago v. Speer, 66 Ill. 154, it was held that where suit was brought by husband and wife to recover damages for a personal injury to the latter, that the case presented the ordinary one of a joinder of too many plaintiffs, which, even in an action *ex delicto* is a ground of non-suit on the trial, and for the joinder of the husband in the action the judgment in favor of the plaintiffs was reversed.

Our statute under which this action was brought gives the right of action (1) to the father of the deceased minor child, or (2) if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action, and may recover not only for the loss of service to such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess. This statute

does not authorize a step-father to maintain· an action, but in express terms authorizes the mother alone, if the deceased child's father be not living, to maintain it.

We might pause here, as this disposes of this case—but we will notice some other assignments of error that we think call also for a reversal of this judgment.   One of the issues in the case was whether or not the young man who was killed, he being at the time at least twenty years of age, was a passenger on the defendant's train, or a trespasser thereon, intent upon stealing a ride across the St. Johns River from South Jacksonville to Jacksonville, at the time of the collision of the two trains of the defendant that resulted in his death.   It was shown by the proofs that the young man resided in South Jacksonville, but was employed over in the City of Jacksonville and made frequent trips back and forth between the two places daily; that at the time of his death he had no ticket for his trip across, although South Jacksonville, where the accident occurred, was a regular ticket office where tickets were sold by the defendant company, and although as shown by the proofs he had ample time to procure a ticket, and although the fare across was fifteen cents greater when paid in cash aboard the train than it would have been for him to have purchased a regular ticket.   Under these circumstances the defendant attempted to prove by various witnesses, engineers, on the defendant's different trains, and conductors thereon and by the ticket agents that the deceased, though making frequent trips on defendant's train back and forth between South Jacksonville and Jacksonvile, had never purchased a ticket or paid a fare for any of said trips, but instead thereof would ride across on the engines, in box cars and would otherwise conceal himself from the conductor to escape the payment of fares.   But the court below ruled

out all of this evidence, and such rulings are assigned as error. This was error. All of the proffered evidence was pertinent to the issues, and tended strongly to show that the deceased was in the persistent habit of stealing his rides back and forth across the river, and in the face of the proof that on the occasion when he was killed he was again on defendant's train bound for Jacksonville without possessing a ticket, it tended strongly to show that on that occasion he was again a trespasser on defendant's train—and if a trespasser the defendant company was not under so stringent a duty to him as if he had been a passenger for hire. Besides, if he was a trespasser then he was in the wrong for being in the situation that he was at the time of the accident, which under the circumstances of this case should have greatly diminished the damages to be recovered, if any.

The next and last assignment of error that we shall notice is the denial of the defendant's motion for new trial on the ground that the verdict of $30,000.00 for mental pain and suffering alone is excessive. We have no hesitancy in saying that upon this ground, if upon no other, the motion for new trial should have been granted. Its amount is shocking to the conscience and is grossly unreasonable and excessive. The proofs showed that the mother in this case, who alone had the right to maintain the action, was an invalid and had been for years suffering from the disease known as *locomotor ataxia*, and that in the natural and usual course of events with those thus afflicted her span of life cannot exceed more than a few years. Under these circumstances for a jury to give her in a verdict a sum that at the legal rate of eight per cent per annum interest would yield her an annual income of perpetuity of $2,400.00 per annum and at her death the principal sum, if left intact by her, to be dis-

posed of to whom she pleases, in a case where punitive damages is not justified by the evidence, is shocking to the judicial conscience and must have been actuated by passion or prejudice on the part of the jury returning it.

For the errors found the judgment in said cause is hereby reversed at the cost of the defendants in error.

COCKRELL, HOCKER AND WHITFIELD, J. J., concur.
SHACKLEFORD, C. J., concurs in the result.