(76 South. 975)

McRIGHT et ux. v. FARNED. (8 Div. 53.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. VENDOR AND PURCHASER ⟨⟩174 — ACTION FOR PURCHASE PRICE—FAILURE OF CONSIDERATION.

Where vendors unlawfully retain possession of land after execution of their deed and destroy or convert the growing crops, there is no sort of failure of consideration authorizing an abatement of the price.

2. MORTGAGES ⟨⟩568 — RECOUPMENT — UNLAWFUL RETENTION OF LAND BY MORTGAGOR—CONVERSION OF CROPS.

Where mortgagors unlawfully retain possession of land after foreclosure and destroy or convert the crop, the purchaser can set up damages in recoupment in an action by the mortgagors for the surplus proceeds of the foreclosure sale.

3. PLEADING ⟨⟩144—SET-OFF.

In a suit for surplus due mortgagor on a foreclosure sale in 1914, a plea by the purchaser offering to set off interest agreed to be paid on purchase money for the lands for the year 1911 sufficiently shows that such demand was subsisting at the filing of the plaintiffs' suit.

4. SET-OFF AND COUNTERCLAIM ⟨⟩41—DEMANDS AGAINST ONE OF SEVERAL JOINT PLAINTIFFS.

In actions at law a separate demand against one of several plaintiffs cannot be set off against a joint demand due to all the plaintiffs.

5. APPEAL AND ERROR ⟨⟩1040(8)—HARMLESS ERROR—DEMURRER—ISSUES.

It was not prejudicial error to eliminate by demurrer replications invoking the principle that a separate demand against one plaintiff cannot be set off against a joint demand, which were in effect mere denials of pleas predicated upon claims against the plaintiffs jointly.

6. APPEAL AND ERROR ⟨⟩1040(8)—HARMLESS ERROR — ELIMINATING PLEADINGS — EVIDENCE.

Though a reply setting up the statute of frauds to a set-off was erroneously eliminated by demurrer, it was not prejudicial where the evidence showed the statute was not applicable.

7. HUSBAND AND WIFE ⟨⟩221—MORTGAGES—WIFE SIGNING WITH HUSBAND.

Where a wife having no interest in her husband's land other than inchoate dower signed a mortgage with her husband, she was not

properly joined as a plaintiff in an action for a surplus on foreclosure sale of such property, and the action could have been dismissed; it being presumed that she executed the mortgage only for the purpose of releasing dower, and that she had no interest in the proceeds.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Assumpsit by W. A. McRight and wife against A. Farned. Judgment for defendant, and plaintiffs appeal. Affirmed.

Plaintiffs sued to recover the surplus proceeds of a foreclosure sale made under power in a mortgage executed by them to defendant. The sale and conveyance pursuant thereto were made on July 21 and 27, 1914, respectively, and defendant became the purchaser for $3,100. Defendant pleaded: (1) Partial failure of consideration, in that plaintiffs remained in possession of the land for about six months after demand by defendant for possession on August 1, 1917, and during that time converted or destroyed crops of the value of about $500, which were growing on the land at the time of the foreclosure, and passed by that sale to defendant; (2) on the facts above recited defendants offered to recoup the value of said crops against the amount claimed by plaintiff, and prayed judgment over; (3) defendant offers to set off the sum of $215.68, balance due from plaintiff to defendant on the interest agreed to be paid on the purchase money for the lands in question for the year 1911. Demurrers to these pleas being overruled, plaintiff replied specially to each plea: (1) The alleged destruction or conversion of said crops was not by plaintiff A. E. McRight, and she owes defendant nothing in that behalf, wherefore the demand sued for and the demand in set-off are not mutual demands; (2) the demands in set-off were not subsisting when the suit was filed; (3) plaintiff A. E. McRight was not a party to the contract for the payment of interest on the purchase price for the land, and owes nothing thereon; (4) the contract of purchase in 1910 under which said interest became due was void under the statute of frauds, in that by its terms it was not to be performed in one year, and was not in writing. Demurrers were sustained to each of these replications, and on the issues made by the special pleas there was verdict for defendant.

W. L. Chenault, of Russellville, for appellants. W. H. Key and Travis Williams, both of Russellville, for appellee.

SOMERVILLE, J. [1] It may be conceded that a purchaser of land is entitled to an abatement pro tanto of the purchase price for any injury done to the land by the vendor before the sale is executed by conveyance. 39 Cyc. 1578, and cases cited. But where, as here, the vendors unlawfully retain possession of the land after the execution of their deed to the purchaser, and thereafter destroy or convert the growing crops, it cannot be said that there is any sort of failure of consideration; for the consideration was unimpaired when it passed by conveyance to the defendant. For such a destruction or conversion an action in tort undoubtedly lies in favor of the purchaser, but we know of no authority for the theory that the purchase money can be abated as for a partial failure of the consideration, and the theory is radically unsound. The demurrer to plea 1 should have been sustained.

A plea of recoupment, as distinguished from a plea of set-off, "in effect alleges that the plaintiff is not entitled to recover the sum claimed because he failed to perform duties in relation to the transaction sued on which the law enjoined upon him, which failure had damaged the defendant; in other words, that the plaintiff has no debt or a less debt or demand than he claims." Grisham v. Bodman, 111 Ala. 194, 20 South. 514.

[2] We think it quite clear that plea 2 sets up proper matter for recoupment, and, being in recoupment, the claim need not have been subsisting at the time plaintiffs filed their suit. Martin v. Hill, 42 Ala. 275. As mortgagors, and as grantors in the foreclosure deed, it was the legal duty of plaintiffs to deliver the land to the purchaser unimpaired as to its quantity, quality, and condition at the time of the sale and conveyance. The damages offered in recoupment spring directly from plaintiffs' violation of that obligation, which is implied by law from those instruments of conveyance. The demurrer to this plea was properly overruled.

[3] Plea B, though not in statutory form, sufficiently shows that the demand offered as a set-off was subsisting at the filing of plaintiffs' suit, and was not subject to the grounds of demurrer assigned.

[4, 5] It is well settled, at least in actions at law, that a separate demand against one of several plaintiffs cannot be set off against a joint demand due to all of the plaintiffs. 34 Cyc. 729, 730. Those replications which invoked this principle were, however, in effect mere denials of the pleas which were predicated upon claims against the plaintiffs jointly. It was not prejudicial error, therefore, to eliminate them on demurrer.

[6] Plaintiffs' replication of the statute of frauds, as against plea B in set-off, was not subject to demurrer; but the evidence shows that the statute of frauds was not applicable in any case, and the elimination of this replication was not prejudicial to plaintiffs.

[7] The evidence shows that W. A. McRight, the husband, was the sole owner of the mortgaged land, and that A. E. McRight, his wife, had no interest in it other than inchoate dower. It will be presumed, therefore, that she executed the mortgage only for

the purpose of releasing dower. In that case she has no interest in the surplus proceeds of sale, and is not entitled to recover in this joint action. And, both plaintiffs not being entitled to recover jointly, the trial judge could have given the affirmative charge for defendant. Bell v. Allen, 53 Ala. 125. If there were errors committed on the trial, they were errors without injury to plaintiffs, and their investigation is unnecessary.

Many of the 78 assignments of error are not stated nor argued in such a way as to require consideration, and we have treated only the decisive question presented by the record, and under our rule 45 (61 South. ix) we cannot justify a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.