ILA L. C. MOCK, *Plaintiff in Error*, v. EVANS LIGHT & ICE COMPANY, A CORPORATION, *Defendants in Error*.

Division B.

Opinion Filed June 26, 1924.

Petition for Rehearing Denied August 1, 1924.

1. The common law afforded no right of action in any one to recover for the death of a person caused by the wrongful act or default of another.

2. By statute (Sec. 4962, Rev. Gen. Stat.), whenever the death of a minor child shall be caused by the wrongful act, negligence, carelessness or default of another, the father of such minor child, or if the father be not living the mother, may maintain an action against the person causing such death.

3. The right of action, under the statute (Sec. 4962, Rev. Gen. Stat.), in the mother, for the death of a minor child caused by the wrongful act or default of another, is dependent upon whether the father of such minor child, who is given, under the statute, the precedent right to maintain the action, is living. If the father be living, the exclusive right of action is in him.

4. Where, in an action by the adoptive mother for the death of a minor child alleged to have been caused by the wrongful act or default of another, it appears from the allegations of the declaration that the father of the child is living, it is not error to sustain a demurrer to the declaration.

A Writ of Error to the Circuit Court for Hernando County, W. S. Bullock, Judge.

Affirmed.

*J. C. Davant,* for Plaintiff in Error.

*F. B. Coogler* and *H. M. Hampton,* for Defendant in Error.

WEST, J.—This is an action by Plaintiff, the adoptive mother of a minor child, to recover for its death caused, so it is alleged, by the negligence of defendants.

By the declaration it is alleged that there was an adoption of the child by the plaintiff, who is a married woman, her husband not joining in the adoption proceeding but consenting thereto; that at its birth the child and its mother, who was a sister of plaintiff, were abandoned and deserted by the father; that at the time of its adoption by Plaintiff the mother was dead but the father is living; that he did not oppose the adoption by plaintiff but acquiesced therein; that he never maintained or supported the child and it never lived with him; that by said order of adoption said child became the child and heir-at-law of plaintiff and she thereupon became and is vested with all parental rights to said child as fully and completely as if she were its natural parent; that continuously after said adoption plaintiff maintained and supported said child and gave it a home, and entertained for it great love and affection and was entitled exclusively to its services.

There was a demurrer to this declaration, which upon a hearing was sustained, and plaintiff not desiring to further amend, judgment was entered by the court for defendants.

Two questions are presented by the record and argued in the briefs. First, whether the adoption by plaintiff,

who is a married woman and who was not joined in the adoption proceedings by her husband, is legal. Second, whether, under the statute, and conceding for the purpose of this case the adoption proceedings to be legal, the action may be prosecuted in the name of the adoptive mother as plaintiff, it being alleged that the father of the infant is living.

The answer to the second question is so clearly negative that we shall rest the affirmance of the judgment upon that point. The common law afforded no right of action to any one for damages resulting from the death of a person caused by the wrongful act, negligence, carelessness or default of another. Nolan v. Moore, 81 Fla. 600, 88 South. Rep. 601. The right of action therefore in a case of this kind is statutory. The statute authorizing the action is as follows:

*"Who may maintain action for death of minor child by wrongful act; recovery for loss of services and mental pain.* Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe of any private association of persons, acting in his capacity as such officer, agent or employe, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer or agent, or employe of any corporation acting in his capacity as such officer, agent or employe, the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor

child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess.''   Sec. 4962, Rev. Gen. Stat.

It has been held that an action upon this statute may be maintained by the adoptive parent, but in the case in which this conclusion was reached the record discloses that the natural parents of the child were dead.  St. Petersburg v. Jæck, 79 Fla. 694, 84 South. Rep. 622.  The statute has also been construed to give to the mother of an illegitimate minor child, and the mother alone, a right of action to sue for and recover damages for the death of her minor child caused by the wrongful act, negligence, carelessness or default of another.   Hadley v. Tallahassee, 67 Fla. 436, 65 South. Rep. 545.  But according to the settled construction of the statute, this action is maintainable only by the persons who are by the terms of the statute authorized to maintain it, and the *right of action* in any one of the classes of persons enumerated is wholly dependent upon whether there is any person *in esse* belonging to any of the classes who are given by the statute the precedent right to maintain the action.  F. E. C. Ry. Co. v. Jackson 65 Fla. 393, 62 South. Rep. 210; Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876.

In express terms the statute gives to the father, if living, of such minor child a prior right of action.   The father, according to the allegations of the declarations in this cause, was living when the action was instituted.   This being true, the action is maintainable only in his name. Right of action in plaintiff, if any, existed only ''if the father be not living.''

The order sustaining the demurrer to the declaration was not erroneous.  The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.