**WILLIS HADDOCK, for the use and benefit of ESTHER WIGGINS, v. FLORIDA MOTOR LINES CORPORATION.**

9 So. (2nd) 98                                    En Banc

June 30, 1942                    Rehearing Denied July 17, 1942

Evan T. Evans, for plaintiff in error.

Milam, McIlvaine & Milam, for defendant in error.

ADAMS, J.:

Final judgment for defendant after demurrer was sustained to plaintiff's declaration is before us on writ of error.

The question is whether the mother has a cause of action for the wrongful death of her minor son where she was divorced from the surviving father, and had the custody of the child under a court order.

The action was in the name of the father by the mother for the use and benefit of the latter. It alleged the wrongful death of the minor son; the prior divorce of the mother and father; that the mother had the legal custody of the child by virtue of the final decree in the divorce case; that the father had, for a valuable consideration, released defendant from the wrongful death. There are allegations that the consideration for the release was inadequate and same was fraudulent as to the mother. If the mother has a cause of action the latter allegations are immaterial and may be stricken on motion.

The right of action, if any, was given under Section 7049, C.G.L., the pertinent part of which is:

". . . the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association or person, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess."

It has long been the law of this State that the husband has a right to the custody and management of the wife's property, subject to termination by the wife, and by virtue of such right he may prosecute suits and collect money due his wife. Section 5867, C.G.L. McNeil v. Williams, 64 Fla. 97, 59 So. 562; Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. 123. When that relationship ceases then, whatever right of action the ex-wife might have cannot be prosecuted by the former husband because he is no longer entitled to the custody and control of her property. If, therefore, the former husband is with-

out authority to sue he is likewise without authority to collect by compromise and grant a release binding the former wife.

It is insisted that the mother has no action because the statute places same only in the father. With this construction of the statute, we cannot agree. It is clear from the spirit and letter of the statute that the legislature intended that the mother should be compensated for the wrongful death of her child. The statute expressly allows recovery for mental pain and suffering of both parents. The legislature thereby recognizes the cause of action in the mother and it is our duty to give the statute a construction that will afford her an adequate remedy. The duty is imposed upon courts when appropriate remedy is chosen to see that:

"All courts in this State shall be open, so that every person for an injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, . . ." Section 4, Declaration of Rights, Constitution of Florida.

The purpose of the statute was to grant to the parent or parents a cause of action for the wrongful death. In providing for parties necessary to sue it was contemplated that the mother and father were married. The effect in law, of the decree of divorce and change of custody was to grant to her the right to the child's services. 39 Am. Jur., page 627. In addition thereto she retained her right of action for mental pain and suffering which was theretofore vested in her by the statute.

The conclusion we have reached is admittedly contra to Mock v. Evans Light & Ice Company, 88 Fla. 113, 101 So. 203, cited by defendant in error. We

are reluctant to recede from the latter opinion but being so thoroughly convinced that the legislature placed a right of action in the mother and realizing the great and ever present responsibility and obligation resting on us by Section 4 of the Declaration of Rights of our Constitution, we now recede from the opinion of this Court in Mock v. Evans, supra, insofar as the same may be inconsistent with this opinion. In doing so we are not unmindful of the rule that statutes in derogation of the common law should be strictly construed. Here, the intent of the legislature to grant the cause of action is clear and unmistakable. The only question is, who shall exercise the right of action. If by construction we leave the right to prosecute the action in one who no longer is related to the mother and one who is in many instances hostile to her, we thereby close the door and deprive her of a remedy by due course of law. While the real parties in interest may bring suits in their own name, this plaintiff has complied with the language of our statute and brought this action in the name of the father for her use and benefit. Section 4201, C.G.L. We think either method sufficient.

The judgment is reversed.

BROWN, C. J., WHITFIELD, BUFORD and TERRELL, JJ., concur.

CHAPMAN, J., agrees to conclusion.

THOMAS, J., dissents.

CHAPMAN, J., concurring:

It is my view that the declaration states a cause of action. The facts in the case of Mock v. Evans Light & Ice Co., 88 Fla. 113, 101 So. 203, are, in my opinion, clearly distinguishable from the material allegations

of the declaration in the case at bar. The case at bar is ruled by Coon v. Atlantic Coast Line R. Co., 125 Fla. 240, 490, 171 So. 207. I find it unnecessary to overrule or recede from former holdings or rulings of this Court on the question presented. I therefore agree to the conclusion reached in this opinion prepared by Mr. Justice ADAMS.