CARROLL, DONALD K, Chief Judge.
The defendant in an action for wrongful death has appealed from a final judgment entered by the Circuit Court for Duval County based upon a jury verdict for the plaintiff.
The principal question which we are required to answer on this appeal is whether the divorced mother of the deceased boy has a right of action under the Florida Death by Wrongful Death Act to recover damages for his death.
Section 768.03, Florida Statutes, F.S.A., under which the present action was filed, provides as follows:
“768.03 Parties in actions for death of minor child; damages. — Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association or persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee of any private association of persons, acting in his capacity as such officer, agent or employee, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer or agent, or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor *748 child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess.”
At common law there was no right of action for wrongful death. Such a right of action is founded upon statutes, the first such statute being Lord Campbell’s Act, enacted in England in 1846. The right of action was first created in Florida by the enactment of two statutes now reported as Sections 768.02 and 768.03, Florida Statutes, F.S.A., the latter section creating a right of action in the administrator of the decedent’s estate.
Since it is a basic rule of construction that a statute in derogation of the common law must be strictly construed, in the instant case we must strictly construe Section 768.03 in determining whether the plaintiff has a right of action for her son’s death.
The appellant, however, has called our attention to the case of Haddock v. Florida Motor Lines Corporation, 150 Fla. 848, 9 So.2d 98 (1942), and Klepper v. Breslin, 83 So.2d 587 (Fla.1955), in which the Supreme Court of Florida applied a liberal construction of the statute in question. Nevertheless, we are of the opinion that the result we reach here is the same whether we liberally or strictly construe that statute.
The situation pertinent to a consideration of this question is as follows: The plaintiff and the father of the deceased boy were divorced by virtue of a foreign divorce decree entered in 1955 by the Superior Court for Marion County, Indiana, which awarded the custody of the boy to the plaintiff. Later the two parents remarried, only to be divorced in 1958 by the said Indiana Court by virtue of a divorce decree which stated that “no children were born as a result of this marriage union” and contained no provision awarding custody of their son.
Several Florida decisions throw light on the problem before us. In Mock v. Evans Light and Ice Co., 88 Fla. 113, 101 So. 203 (1929) the Supreme Court of Florida held that a mother may not sue for the wrongful death of a child if the father is living. This holding, however, was specifically receded from by the Supreme Court in Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corporation, 150 Fla. 848, 9 So.2d 98 (1942), in which the court held that, where a wife-mother is granted custody of a child in a divorce decree, such decree in effect transfers to her the father’s right to sue for the loss of services in addition to her right to be compensated for her mental pain and suffering. In Randolph v. Clack, 113 So.2d 270 (1959), the District Court of Appeal, Second District of Florida, stated that it did not feel free to liberalize the construction of Section 768.02 further than was done in the Haddock case.
One of the most troublesome legal questions involved in this appeal is the effect of the remarriage of the parents of the boy upon the right of the plaintiff to- his custody under the foreign divorce decree. The general rule, as stated in 27B C.J.S. Divorce § 314, page 489, is as follows: “Remarriage of the parents annuls the divorce and restores the parents to their rights over their children as if they had never been divorced, and in a subsequent divorce action custody can be awarded differently than in the first proceedings.” In the present case, as mentioned above, the second divorce decree made no provision concerning the boy’s custody.
This rule is well supported by these cases cited in the footnote: Ex parte Phillips, 266 Ala. 198, 95 So.2d 77 (1957), Oliphant v. Oliphant, 177 Ark. 613, 7 S.W.2d 783 (1928), McAlhany v. Allen, 195 Ga. 150, 23 S.E.2d 676 (1942), Jenkins v. Followed, 262 P.2d 880 (Okl.1953), Dunlap v. Dunlap, 88 *749 Okl. 200, 212 P. 608 (1923), and Miller v. Powell, 212 S.W.2d 876 (Tex.Civ.App., 1948).
In Ex parte Phillips, 266 Ala. 198, 95 So.2d 77 (1957), the Supreme Court of Alabama held that where a divorce decree provides for the custody of the minor children of the divorced parents, the jurisdiction of the court over custody continues during such period, but the remarriage of the parents terminates the divorce court’s jurisdiction and nullifies the provisions of the decree as to the custody of the children. We know of no reason why this holding should not be applicable in the case before us on appeal.
If we were to uphold the plaintiff’s right of action in the unique situation before us on this appeal, we would have to carry a step further the rule recognized in the Haddock case in the construction of a statute. This we are not prepared to do. If we were thus to extend that rule, we would be confronted with the problem of whether the father would also have a right of action so that the defendant might be subject to a second action for the son’s wrongful death.
This question of the plaintiff’s right of action was raised in the Circuit Court, which entered a pre-trial order framing an issue so that the plaintiff was deemed to allege that the father of the boy had abandoned him and that the defendant denied the abandonment. At the trial the plaintiff testified that, following the second divorce she alone continued to care for the boy and to feed, clothe, and maintain him, and that during the two-year interval after the second divorce the father had made a total contribution of ten dollars and had shown his parental affection only by sending two birthday cards. She contends on this appeal that this negligence and lack of interest on the part of the father constitutes an abandonment. She fails, however, to cite any Florida cases holding that such abandonment, if proved, would create in the mother a right of action she would not otherwise have. We know of no such case and of no principle that could be invoked to create that right of action.
While the dictates of natural justice may seem to indicate that a mother in the situation of the plaintiff ought to have a cause of action for the death of her minor son, as judges we have only the duty and authority to construe the statute that alone creates that right of action. We are powerless to amend that statute in order to provide for such a right of action, such amendment necessarily being a matter exclusively for the consideration and action of the legislative branch of our state government.
Reversed.
STURGIS and RAWLS, JJ., concur.