153 So.2d 3 (1963)
Alice Robbins COVEY, Petitioner,
v.
Katherine D. EPPES, Respondent.
No. 31858.
Supreme Court of Florida.
May 8, 1963.
Rehearing Denied May 31, 1963.
Charles Cook Howell and Howell, Kirby, Montgomery & Sands, Jacksonville, for petitioner.
Mathews, Osborne & Ehrlich and Marion R. Shepard, Jacksonville, for respondent.
PER CURIAM.
Petitioner seeks review by certiorari in this case on the ground that the decision of the district court[1] is in direct conflict with that in Haddock for Use and Benefit of Wiggins v. Florida Motor Lines, 150 Fla. 848, 9 So.2d 98.
*4 Both cases involved the propriety of an action by a divorced mother, whose former husband is still living, for the wrongful death of their minor child pursuant to F.S. Section 768.03, F.S.A., providing that "the father of such minor child, or if the father be not living, the mother may maintain an action * * * and may recover, not only for the loss of services of such minor child, but in addition thereto, such sums for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess." (e.s.)
The district court found, in effect, that the sole cause of action under the statute was vested in the surviving father under the peculiar facts in this case, and was not altered by two intervening divorces between the parents and the assumption of full care and support of the child by the petitioner, the plaintiff mother, for two years prior to its death.
A determinative factor in the decision of the district court was the annulment of the mother's custody under the original divorce decree by reason of remarriage of the parties, and entry of a subsequent decree omitting any custody provision and stating "no children were born as a result of this marriage union." On this ground the court distinguished the Haddock decision which held that the statute permits suit by a mother who under order of court had custody of her deceased child, even though its father was still living.
We find it impossible, because of the reasoning of the Court expressed in the Haddock opinion, to reconcile the decision with that in this case or to construe the decision there as one attributing determinative significance to the existence of a current court custody order. The divorce and custody decree in that case was held effective "to grant to [the mother] the right to the child's services. 39 Amer.Jur., page 627." The sole applicable principle in the text reference[2] is the statement of the general rule that the right to services of a child accrues to the parent who actually supports such child. The significant factor, then, as contended by petitioner in this case, was the actual support of the child which in Haddock as in this case was being performed by the plaintiff mother, rather than the existence of a court order designating custody. In any event, the Court in Haddock expressly recognized that "In addition thereto she retained her right of action for mental pain and suffering which was theretofore vested in her by the statute." (e.s.)
We think the undeniable fact was best expressed by Haddock's recognition that "In providing for parties necessary to sue it was contemplated that the mother and father were married." When such is not the case, the problem becomes one of determining the legislative intent from the act as a whole. Whether or not we would in the first instance have undertaken to construe the literal terms of the statute with the breadth accorded in Haddock, or for that matter, to limit those same terms in other situations,[3] we think that any reasonable assessment of the earlier decision requires that we acknowledge its rationale as controlling in this case. For the further reason that such a statutory construction is so easily susceptible of legislative alteration, we are not persuaded of the necessity for or desirability of the judicial vacillation which would be inherent in a decision at this *5 point either to overrule or ignore the pronouncements in Haddock that, by providing for recovery for mental pain and suffering of both parents, "[t]he legislature thereby recognized the cause of action in the mother and it is our duty to give the statute a construction that will afford her an adequate remedy. * * * Section 4, Declaration of Rights, Constitution of Florida."
Subsidiary problems are certainly presented. Divorce and family disruption will inevitably complicate the determination of parental rights, but the difficulty of determining factual issues does not justify a rule of expediency. Such issues appear to be common in suits for wrongful death of minor children in other jurisdictions whatever may be the wording of the controlling statute.[4] Disposition of the related problem of multiplicitous actions cannot properly be made in the case at bar.
The writ of certiorari should accordingly be issued, the judgment herein quashed, and the cause remanded with directions that the judgment of the trial court be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL, DREW and CALDWELL, JJ., concur.
THORNAL, J., dissents with opinion.
THOMAS and O'CONNELL, JJ., dissent.
THORNAL, Justice (dissenting).
I find no jurisdictional conflict with Haddock for Use and Benefit of Wiggins v. Florida Motor Lines, 150 Fla. 848, 9 So.2d 98. Moreover, I feel that in Haddock the Court stepped over into the legislative field and that the majority here has created another area of liability not recognized by the Legislature. If the rule seems harsh, it should be changed by legislative, not judicial, action.
I, therefore, respectfully dissent.
THOMAS and O'CONNELL, JJ., concur.
NOTES
[1] 141 So.2d 747.
[2] "* * * The better rule, under modern conditions, would seem to be that the right to services of the child, since it is correlative to the duty to support, accrues to the parent who actually performs that duty. So, where the terms of a divorce decree leave the father still liable for the support of the child, he is the one entitled to the child's earnings. * * *"
[3] See Fuller v. Darnell, 100 Fla. 773, 129 So. 915, 74 A.L.R. 1, anno. 74 A.L.R. 11, 37, excluding, by reason of divorce and consequent constitutional complications, the mother's pain and suffering as an element of damages in a father's suit under the act.
[4] Anno. 147 A.L.R. 482. This Court at a very early date placed a far from literal construction upon the language "if he [the father] be not living," by which Sec. 768.03 conditions a mother's right of action, and refused to require, in a suit by the mother of an illegitimate child, any allegation that the father was not living, reading the condition instead as one allowing suit by a mother if there be no father in whom paternal rights are vested. Hadley v. Tallahassee, 67 Fla. 436, 65 So. 545.