GOODING, MARION W., Associate Judge.
Janet V. Jordan brought a suit seeking damages in her capacity as an individual for the wrongful death of her minor son allegedly caused by the negligence of the City of Coral Gables, and damages in her capacity as administratrix, for the benefit of the estate of the deceased minor. The suit resulted in a jury verdict in her favor in both capacities.
Final judgment was entered March 10, 1965, and thereafter on March 17, 1965, the appellant, Harold A. Jordan, filed a Petition to intervene in the proceedings before the trial court, claiming he was the father of the deceased minor and that the cause of action under § 768.03, Florida Statutes, F. S.A. vested in him exclusively.
The Petition to intervene was denied and it is from the order of the trial court deny *69 ing the petition for intervention that this appeal is taken.
The mother and father of the deceased minor were divorced in 1961, and the care, custody and control of the child was awarded to the mother with visitation rights reserved to the father. The appellant alleged he contributed to the support of the child, exercised his visitation rights and that the appellee, Janet V. Jordan, had orally agreed to equally share the proceeds of her recovery with him.
The first question raised by appellant is whether the mother of a deceased minor has a cause of action for his wrongful death where she was divorced from the surviving father, and had the custody of the child under a court order.
This has been answered affirmatively in the case of Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corporation, 150 Fla. 848, 9 So.2d 98 (1942). This case held that a woman who is divorced from her husband and who, by virtue of the final decree, had legal custody of the child, had the cause of action for the death of a minor child of the marriage.
It naturally follows, pursuing the doctrine in the Haddock case, that intervention in this case by the father is completely inappropriate. The appellant seeks to obtain for himself the full wrongful death recovery by intervening as party plaintiff, (or seeks some undetermined statutory share. However, the appellant never had nor does he now have any interest in this litigation, or the mother’s proceeds of recovery. The verdict of the jury was predicated upon proof of the personal grief and mental suffering of the mother, and of her personal pecuniary loss and loss of services. The appellant was in no way involved. Likewise, as to the recovery by the mother in her capacity as Administratrix, for the benefit of the estate of the deceased minor, the appellee was the duly appointed admin-istratrix and had the sole right and obligation to sue in such capacity.
The action of the lower court in denying. appellant’s petition for right to intervene 3s, therefore, affirmed.
Affirmed.