206 So.2d 13 (1968)
Lillian Lewis WILLIAMS, As Mother of Brenda Deshay Williams, a Minor, Deceased, Appellant,
v.
James LEGREE, Slough Grove Company, Inc., and Bobby Williams, Appellees.
No. 67-47.
District Court of Appeal of Florida. Second District.
January 19, 1968.
*14 Charles R. Mayer, of Mayer & Breathitt, Lakeland, for appellant.
David J. Williams, of Dayton, Langston, Massey, Trohn & Williams, Lakeland, for appellees.
SHANNON, Judge.
Appellant brings this appeal from a final judgment entered on an order granting appellees' motions to dismiss her complaint for its failure to state a cause of action. (Default was entered below against Appellee Bobby Williams, and he is not involved in this appeal.)
Appellant's suit was for the wrongful death of her minor daughter. Her complaint alleged, inter alia, that the deceased minor child was born as the result of appellant's marriage to Appellee Williams; that appellant and Appellee Williams subsequently separated, appellant retaining and exercising exclusive custody and care of said child; that sometime later, while appellant was in the hospital, Appellee Williams removed the child from the custody of the babysitter provided for her by appellant and took her to the home of certain of his relatives; that after her discharge from the hospital appellant attempted to recover custody of the child, but to no avail; that sometime thereafter, Appellee James Legree, great-uncle of appellant's husband by marriage, was operating a certain truck with the knowledge and consent of its owner, Appellee Slough Grove Company, Inc., and negligently ran over and killed the deceased child; that as a result thereof appellant lost the services of said child and, in addition, sustained severe and extensive mental pain and suffering; and that her husband, by reason of his relation to Appellee Legree, had refused her demands that he pursue the cause of action created by Fla. Stat., Sec. 768.03, F.S.A., (1965).
The lower court specifically concluded that because the deceased child's father was alive, appellant did not have a cause of action under Section 768.03, which provides:
"(1) Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual [etc.] * * *, the father of such minor child, or if the *15 father be not living, the mother may maintain an action against such individual [etc.] * * *, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess."
The court deemed determinative the facts that appellant and her husband were not legally separated and that there was no court order granting custody of the child to either parent.
The Supreme Court of Florida has established three points critical to a suit under Section 768.03 where both parents are alive but are living apart. First, the existence vel non of a court order designating which parent had legal custody of the deceased child is immaterial. Covey v. Eppes, Fla. 1963, 153 So.2d 3, 4, construing Haddock for Use and Benefit of Wiggins v. Florida Motor Lines Corp., 1942, 150 Fla. 848, 9 So.2d 98. Secondly, Section 768.03(1) vests in each parent individually the right to recover damages for mental pain and suffering sustained as a result of the child's death, and this right is retained by each parent regardless of the state of their domestic affairs at the time of the child's death. Covey v. Eppes, supra at 153 So.2d 3; Haddock for Use and Benefit of Wiggins v. Florida Motor Lines Corp., supra at 150 Fla. 851, 9 So.2d at 100. Thirdly, the right to recover for the loss of the deceased child's services belongs to the parent who was actually supporting said child. Covey v. Eppes, supra 153 So.2d at 4, construing Haddock for Use and Benefit of Wiggins v. Florida Motor Lines Corp., supra.
In light of the above we conclude that appellant does have a cause of action for the wrongful death of her daughter and that her complaint sufficiently stated such cause of action. However, her complaint contained no allegations that she was supporting her daughter at the time of the girl's death. Consequently, it failed to allege facts entitling her to recover damages for loss of her daughter's services, thus limiting her recoverable damages to those for mental pain and suffering. Nonetheless, a complaint which sufficiently states a cause of action is not rendered vulnerable to a motion to dismiss by its allegation of an improper element of damages. Abstract Co. of Sarasota v. Roberts, Fla.App. 1962, 144 So.2d 3, 5. Appellees' motions to dismiss should have been denied.
Accordingly, the order granting appellees' motions to dismiss and the final judgment entered thereon are reversed, and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
ALLEN, Acting C.J., and PIERCE, J., concur.