ON REHEARING
PER CURIAM.
Appellant appeals the dismissal with prejudice of her claim under F.S. 768.03, F.S.A. for mental pain and suffering arising from the wrongful death of her minor child. Initially we concluded her claim to be improper, but upon rehearing we reach a different result.
Death of the minor child occurred while the parents were married. Following her divorce, appellant-mother now asserts her claim which the trial court has denied.
Dispositive of this issue is the language recently stated in Williams v. Legree, Fla.App.1968, 206 So.2d 13, as follows:
“The Supreme Court of Florida has established three points critical to a suit under Section 768.03 where both parents are alive but are living apart. First, the existence vel non of a court order designating which parent had legal custody of the deceased child is immaterial. Covey v. Eppes, Fla.1963, 153 So.2d 3, 4, construing Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corp., 1942, 150 Fla. 848, 9 So.2d 98. Secondly, Section 768.03(1) vests in each parent individually the right to recover damages for mental pain and suffering sustained as a result of the child’s death, and this right is retained by each parent regardless of the state of their domestic af *132 fairs at the time of the child’s death. Covey v. Eppes, supra at 153 So.2d 4; Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corp., supra at 150 Fla. 851, 9 So.2d at 100. Thirdly, the right to recover for the loss of the deceased child’s services belongs to the parent who was actually supporting said child. Covey v. Eppes, supra 153 So.2d at 4, construing Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corp., supra. * * * ” (Emphasis supplied.)
Appellant therefore has a cause of action for mental pain and suffering arising from the wrongful death of her minor child and her complaint sufficiently states such.
For this reason our original opinion is hereby vacated and the order dismissing appellant’s complaint with prejudice is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and McCAIN, JJ., and ADAMS, ALTO (Ret.), Associate Judge, concur.