GARRETT, Judge.
Appellant, the mother and personal representative of her deceased seven month old daughter, seeks review of certain evi-dentiary rulings made in the medical malpractice trial below.
During the trial, appellant’s former husband was questioned about their divorce and his remarriage. The husband filed for divorce about four months after their daughter’s death. The jury heard that the husband’s petition for dissolution contained allegations that he should have custody of their surviving child because appellant was “mentally unstable” and not a fit and proper mother.
Evidence of a divorce is relevant where a surviving spouse brings an action for the wrongful death of his or her spouse. § 768.21(6)(c), Fla.Stat. (1985); Smyer v. Gaines, 332 So.2d 655 (Fla. 1st DCA 1976). Evidence of a divorce is usually irrelevant where a parent brings an action for the wrongful death of his or her child because each parent individually has the right to recover damages for the loss of the child regardless of the state of their marriage. McDonald v. Forman, 238 So.2d 131 (Fla. 4th DCA), cert. denied, 240 So.2d 639 (Fla.1970).
But sub judice, the appellees raised comparative negligence as a defense. The defendant doctors set out to prove that the child’s death was caused in part by the parents’ lack of care. We hold that the comparative negligence issue made the allegations in the husband’s petition relevant.
On direct examination the husband first broached the subject of their divorce.[1] Also on direct examination the husband testified that his wife was a good mother to their deceased child. On cross examination the husband was asked about the allegations in his petition for dissolution. We find this cross examination was proper because the signed petition is a pri- or inconsistent statement of the husband. As stated by the dissent in Seaboard Coastline Railroad v. Hill, 270 So.2d 359 (Fla.1972):
A law suit must be tried in an atmosphere of truth. The witnesses are sworn to tell the WHOLE truth. We recognize that certain evidence must be withheld from consideration when it is truly irrelevant or so prejudicial as unfairly to affect the trial and a fair consideration of the evidence which is relevant. However, we cannot conjure up a fictitious set of circumstances for a jury to evaluate and withhold the true facts.
On redirect examination the husband explained away the allegations when he attributed their creation to his divorce attorney and their basis to appellant’s post death emotional condition. We find that the probative value of the allegations in the petition for dissolution was not substantially outweighed by the danger of unfair prejudice, but even if it were, we find that any such danger was neutralized by the husband’s redirect testimony and any resulting error was harmless. § 90.403, Fla.Stat. (1985). We acknowledge that the allega *399 tions of the husband’s petition referred to their surviving child. However, we find such evidence to be relevant as we believe a lack of care for one child is intertwined with a parent’s ability to care for his or her other children. We note that just over one hundred days separated the child’s death and the date the husband filed his petition for dissolution.
Accordingly, we affirm as to all issues raised by appellant. Based on our affirmance, the cross appeal is considered withdrawn.
AFFIRMED.
GUNTHER, J., concurs.
GLICKSTEIN, J., dissents with opinion.

. [Plaintiffs’ counsel] Q. You have since divorced from Rosalyn Mapps?
A. Yes, I have.
Q. All right. Did that divorce take place approximately four months or so after [your daughter] died?
A. I filed [sic] petition approximately four months after. It was finalized a year later.