113 So.2d 270 (1959)
Norma Lee RANDOLPH, for use and benefit of Clifford L. Randolph, Jr., and Linda Lou Randolph, Minors, by their next best friend, Fannie Catherine McCoy, Appellants,
v.
R.P. CLACK, individually, and R.P. Clack, Evelyn N. Clack and Claire N. McLeod, as Trustees of Clack Truck and Equipment Company, a dissolved Florida Corporation, Appellees.
No. 952.
District Court of Appeal of Florida. Second District.
June 10, 1959.
Rehearing Denied July 10, 1959.
Robert A. Kanter, Sarasota, for appellants.
Dart & Bell, Sarasota, for appellees.
THOMAS, ELWYN, Associate Judge.
An action was brought in behalf of Clifford L. Randolph Jr., and Linda Lou Randolph, minors, against R.P. Clack individually and himself and others as trustees of a dissolved corporation to recover damages for the death of the father of the children alleged to have been caused by Clack's negligent operation of an automobile owned by the corporation.
According to the averments of the complaint, the minors are the children of Fannie Catherine McCoy and Clifford L. Randolph. The parents were divorced and the custody of the children was awarded the mother. Afterward Randolph married Norma Lee Randolph. Then he was killed and his wife brought an action under Sec. 768.02, Florida Statutes 1955, and F.S.A., for damages. Her claim was settled and the action was dismissed. In the action no specific claim for damages to the children was presented.
The complaint in the present case was dismissed because the judge held the view that the plaintiffs were not authorized by the statute to maintain the action.
The parties-plaintiff were curiously described as the second wife for the use and benefit of the children "by their next best friend," the first wife. Out of the ruling, say the appellants, arises the question whether or not minor children of a deceased *271 father may maintain in their own name or the name of the father's widow an action for wrongful death of the father when the widow is not their mother and has previously brought an action in her own behalf without presenting any claim on behalf of the children.
Appellants' argument is very appealing but it fails to convince us that an injustice which may have occurred by application of the statute should be cured by judicial action for were we to hold that they should be allowed to proceed with their action it would amount to our amending rather than applying the provisions of the law.
Long ago the Supreme Court held that at common law no one had a right to recover for the wrongful death of another and that the right created by statute existed only in the ones to whom by statute it was given. Louisville & N.R. Co. v. Jones, 45 Fla. 407, 34 So. 246. It is true that in Haddock for Use and Benefit of Wiggins v. Florida Motor Lines Corporation, 150 Fla. 848, 9 So.2d 98, the Supreme Court invoked the provisions of Sec. 4 of the Declaration of Rights of the Constitution, F.S.A. securing to every person remedy for injury done him and in the same case receded from anything written in Mock v. Evans Light and Ice Company, 88 Fla. 113, 101 So. 203, in conflict with the views expressed.
However, it must be noted that in the Haddock and Mock cases the Supreme Court was not dealing with Sec. 768.02, supra, but with Sec. 768.03, Florida Statutes 1955, and F.S.A., which provides that the father of a minor child, or, if he be not living, the mother, may bring an action for the death of the child by wrongful act. Moreover the salient facts in each of the cases differ materially from those presented here.
In the Mock case an adoptive mother had undertaken to maintain an action for the death of the minor child, though the father was living, and the Supreme Court held she had no such right.
In the Haddock case the parents of a minor child had been divorced and the child had been placed in the custody of the mother. Then the child was killed and the mother instituted an action to recover for the wrongful death. The father undertook to release the defendant from liability for the death. The Supreme Court held that the mother could sue and that the father could not bind his former wife by the release he had executed.
But we do not feel free to liberalize the construction of Sec. 768.02, supra, so as to make it read that although minor children may sue only if there is no widow surviving the deceased they still may sue, after the widow has settled her claim, if they are children of the deceased by a former marriage on the theory, presumably, that she was compensated for her loss, while the children were not.
Perhaps remedial legislation more thoroughly providing for eventualities that could result in injustice, such as the failure of a surviving spouse to sue, or to squander, to the detriment of children, of money recovered or, as in this case, the recovery by a spouse who has no responsibility for the welfare of the children of her mate from a former union, is necessary, and these situations may commend themselves to the legislature but we cannot arrogate to this court the power to operate so extensively in what we consider a legislative field.
Affirmed.
KANNER, C.J., and ALLEN, J., concur.