# WATTS v. MAYFIELD.

Circuit Court, Escambia County.

April 6, 1962.

Cecil C. Jackson, Merritt & Jackson, Pensacola, for plaintiff.

Forsyth Caro, Caro & Wiltshire, Pensacola, for defendant.

ERNEST E. MASON, Circuit Judge.

This is a suit by a minor through her guardian against the defendant for damages claimed to have been sustained by the minor for personal injuries received by her in an automobile accident alleged to have been the fault of the defendant. The sole issue in this case, other than that of damages, is whether or not the defendant was guilty of negligence which proximately caused the injuries and consequent damages sustained by the plaintiff. The defendant in addition to the general defense of not guilty has filed a defense predicated upon the principle of res judicata and the principle of estoppel by judgment.

The basis of these last defenses is that there was decided in this court another action between the same parties hereto wherein the plaintiff herein sued this defendant for damages claimed to have been sustained by her as a result of the wrongful death of her mother who was killed in the same automobile accident which is now the basis for plaintiff's suit for her own personal injuries.

To sustain the pleas of res judicata and estoppel by judgment, defendant has attached and made a part of his defenses a copy of the complaint, defenses and verdict of the jury, and judgment thereon in the first suit.

The defendant now moves the court for summary judgment based upon the record herein and a portion of the record of the first suit which is tendered as evidence in support of his motion for summary judgment.

It is evident from an examination of the pleadings herein, and of the record in the first suit that the parties in both suits are the same and that they sue and are sued in the same capacity in each suit. However, there is no identity of causes of action, for in the first suit plaintiff sued for damages for alleged wrongful death of her mother, while in this suit she sues for damages for alleged injuries to her person. It is evident that the causes of action in the two suits are separate and distinct. Therefore, the principle of res judicata does not apply, for this principle operates only when the identity extends to the causes of action as well as to the parties and issues involved.

It is incumbent upon the court to determine whether or not the principle of estoppel by judgment applies. This latter principle comes into play where the parties are the same but the causes of

action are different, and where the issues raised in the second suit were actually presented and adjudicated in the former suit (Prall v. Prall, 50 So. 867, text 870; Shearn v. Orlando Funeral Home, Inc., 88 So.2d 591).

In order for a first suit to operate as a bar to the second suit by virtue of the effect of the principle of estoppel, it must be made certain that the precise issues were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record, or extrinsically, is upon the party who claims the benefit of the former judgment. (See 19 Fla. Jur., Sec. 121; Sec. 122). And to determine whether there has been such adjudication the court may take judicial knowledge of its own record, provided the record is brought to the court's attention by being made a part of the record in the case under consideration. The court may not render judgment upon private extra-judicial knowledge without record evidence before it. The court cannot consider a transcript of the testimony in the earlier case between the same parties which is not made a part of the record in the instant case (Matthews v. Matthews, 122 So.2d 571).

Applying these principles to the record now before the court, the court finds that in the first case between these parties there were two issues — first, the issue of negligence, and second, the issue of the right of the plaintiff therein to sue for damages as a child of the deceased under the Death By Wrongful Act statute. If the verdict of the first case is shown from the record therein before the court to have foreclosed both of these issues against the plaintiff therein, then she cannot maintain this suit but is estopped therefrom. However, if the verdict for the defendant in the first suit could have been sustained on either issue, that is to say, if there is not inherent in the verdict a foreclosure of both issues, then there is no estoppel. In other words, unless it be determined from an examination of the record before the court that the jury had to foreclose the issue of negligence against the plaintiff in order to reach its verdict there would be no estoppel. If the verdict may be sustained by the jury deciding against plaintiff on the issue of her right to sue as a child of her deceased mother, there would be no foreclosure of the issue of negligence, and no estoppel. This is so because the doctrine of estoppel by judgment does not apply to issues which were raised but not decided in the former action (Lake v. Hancock, 20 So. 811; 19 Fla. Jur., Sec. 122).

That brings us to an examination of *that portion* of the record in the first case which is now before the court upon defendant's motion for summary judgment. The complaint in that case al-

leges that the plaintiff was a minor child of the deceased whose wrongful death was complained of, and that she was dependent upon her mother for support.

That part of the record of the first case which is before us (and it is evident that the whole of the testimony has not been transcribed and made a part of the record in this second case) discloses that the deceased mother of this plaintiff had been divorced from the plaintiff's father and had married one Reuben Taylor. The record further reflects that she had separated from Taylor prior to her death and had gone back to live for a time with plaintiff's father, but had moved away and separated from him again prior to her death. The part of the record now before the court does not reflect that she had divorced Taylor prior to her death.

The Florida Death by Wrongful Act statute (768.02 F.S.) provides that upon the death of an adult person caused by the wrongful act of another the cause of action survives to the widow or husband, as the case may be, and where there is neither widow or husband surviving the deceased, then the minor child or children may maintain an action. The existence or non-existence of anyone having a precedent right enters into the very substance of the right of action itself, and the existence of any class of persons authorized to sue under the statute bars all other classes from any right of action or from participation in the recovery of the preferred class. (9 Fla. Jur. 486). Therefore, the surviving widow or husband of the deceased is the primary beneficiary under the statute (Florida East Coast R. Co. v. Hayes, Fla., 64 So. 507). This is true even though the child of the deceased is not the natural or adoptive child of such surviving spouse. As said in Randolph v. Clack, Fla., 113 So.2d 270, such deficiency of the statute may result in a denial of relief to such child, but this is a matter for remedial legislation, not judicial action. So, if plaintiff's mother died leaving Taylor as her undivorced husband, the cause of action for her wrongful death survived in such husband, and not in plaintiff. The right of action survives in the superior class under the statute irrespective of the dependency of the child, either upon Taylor or the deceased mother; for dependency of a minor is not necessary to be established to create a cause of action in such child (Florida Power & Light Company v. Bridgeman, Fla., 182 So. 811).

The issue of plaintiff's right to recover in the first suit was raised by defendant's answer therein, for under Rule 1.8(c) his allegation of lack of knowledge of the facts averred in the complaint amounted to a denial of them, including the averment that the cause of action for the decedent's death survived to the plaintiff as her minor child.

Therefore, the record before us now reflecting that the cause of action for the death of plaintiff's mother survived to her undivorced husband, Reuben Taylor, the jury might very well have decided the first case against the plaintiff on this issue alone, and never have reached the issue of negligence at all. That being a possibility, yes, even a probability, the court cannot say now that the issue of negligence was adjudicated in the first case. Therefore, the judgment of the first case does not operate as an estoppel against the plaintiff herein. Only where the causes of action are identical so as to bring into play the doctrine of res judicata is there a bar where issues are raised in the first case but not necessarily adjudicated. (See 19 Fla., Jur. Sec. 121; Gordon v. Gordon, 59 So.2d 40).

Defendant relies upon Shearn v. Orlando Funeral Home, Inc., supra. However, there is this vital difference between the situation there, and the one in this case. There judgment was for the *plaintiff* in the first case, and that necessarily foreclosed the the issue of defendant's negligence so as to bring into play the principle of estoppel. There the jury had to *determine* the *issue of negligence*, and in favor of plaintiff, for the latter to recover. But here, since the verdict and judgment was for the defendant in the first case, and since there was another issue other than the one of defendant's negligence upon which the case could have turned, it does not necessarily follow that the jury actually determined the issue of defendant's negligence so as to bring into play the operation of the principle of estoppel by judgment.

The motion for summary judgment is denied. The motion of plaintiff to strike the second defense is granted, and the cause will proceed to trial upon the issues raised by the first defense.