145 So.2d 552 (1962)
Walter HOLLAND, Appellant,
v.
Floyd Edward HALL, Appellee.
No. D-177.
District Court of Appeal of Florida. First District.
September 25, 1962.
Rehearing Denied October 31, 1962.
*553 W. Robert Smith and Chappell, Dunn, Miller & Monrose, Ocala, for appellant.
Sturgis & Patillo, Ocala, for appellee.
WIGGINTON, Judge.
This appeal is from a final judgment entered upon a jury verdict awarding damages to appellant for the wrongful death of his wife resulting from negligence of the defendant in the operation of a motor vehicle. Appellant seeks reversal on two stated grounds, each of which we will discuss separately.
It is first contended that the damages awarded by the jury are so grossly inadequate as to affirmatively establish that the jury was either confused as to the law governing the proper discharge of its duty, or it ignored the evidence in arriving at the amount of damages to which appellant was legally entitled.
Appellant and his deceased wife were the parents of a five year old girl. It is undisputed that the deceased was a competent, attentive and loving mother who provided for her child all of the care and attention necessary to accommodate its needs. The parties had lived in Florida, but subsequently moved to the area of Washington, D.C., where appellant, who was a horse trainer and riding instructor, could secure employment. Some nineteen months prior to the wife's death she returned to Ocala, Florida, where she resided with her mother, the appellant remaining in the Washington area in order to retain gainful employment. Some six months after returning to Florida the mother found it necessary to secure employment in order to provide a financial supplement to the family income, and in addition to provide financial support for three children of a former marriage. The decedent had been employed for a period of some eighteen months prior to her death. While working she was able to be with her child principally during the morning hours before leaving for work. Upon returning home at night she slept in the same room with the child and gave it every attention which it required. She made the child's clothes, supervised and directed its religious and moral training and its general welfare. Decedent's mother with whom she resided took care of and looked after the needs of the child while the mother was forced to be away from home in connection with her employment. The evidence reveals that the decedent was in good health and thirty-six years of age at the time of her death.
At the trial it was announced that appellant was claiming damages only for the reasonable value of the funeral expenses incurred by him as a result of his wife's death, together with such amount as would compensate him for the loss of his wife's services which he could have reasonably expected to receive in connection with the care of their minor child. The uncontradicted proof of the amount now required to employ help to care for the child during *554 the time appellant is away from home in the course of his employment amounted to a minimum in excess of $13,000. The agreed amount of the funeral expenses was $988.95. The jury awarded the total sum of $1,088.95, or $100.00 in excess of the admitted funeral expenses. This is the amount which the jury concluded would reasonably compensate appellant for the loss of his wife's services.
Appellee does not question the amount established by appellant as necessary to employ such help as will be required to care for his child. It is argued, however, that upon the evidence above detailed the jury could have reasonably found that immediately prior to her death the mother was rendering no services of value in connection with the care of her child. From this premise it is argued that the jury could have inferred that appellant could not have reasonably expected to receive in the future services from his wife regarding the care of his child any different in kind than that which he had received during the months of her employment preceding her death. On each of these premises appellee argues that the verdict of the jury finds support in the evidence and should be sustained.
The proof is undisputed that during the entire period of the child's life the mother rendered every service necessary for its care and well-being. It is true that during the period of her necessary employment some of the menial services previously rendered by her were being gratuitously provided by her mother. Despite this, the proof establishes that the child was being well cared for and her every reasonable need being met. Immediately following the mother's death appellant took the child back to the place of his employment in the north, and has since had the entire burden of caring for the child and employing such additional services as have been necessary to attain this end. The record is devoid of any proof from which the jury could have inferred that any marital difficulties existed between the parties, or that appellant could not expect to receive from his wife in the future the same services touching the care and rearing of his child that he had received in the past.
The judgment of a trial court comes to this court clothed with a presumption of correctness. When a jury acceptable to the parties has rendered a verdict fixing the damages to which it considers a plaintiff entitled, and a competent trial judge refuses to set such verdict aside, it is rare indeed that this court has found it necessary to disturb the judgment on the ground that the verdict is either excessive or inadequate. It well may be that the jury in this case had some good and sufficient reason for rendering the verdict it did, but such reasons have no predicate in the proof before us. By the same token the trial judge may have had adequate cause to confirm the verdict and enter judgment thereon, but the basis for such cause does not appear in the record which we have reviewed. We have therefore concluded that this is one of those unusual instances in which we are convinced as a matter of law that there is no rational basis in the record on which the verdict rendered in this case can be justified. In reaching this conclusion we do not purport to retry the case on the facts, or to substitute our judgment for that of the jury which rendered the verdict or for the trial judge whose judgment we review. We cannot escape the conclusion that the jury, in awarding $100 as the reasonable value of the services which appellant could have expected to receive from his wife in the care of their child was either confused as to the law applicable to the issue submitted to it for decision, or that it ignored the legal effect of the evidence with respect to the amount of damages to which appellant is lawfully entitled.
By his complaint appellant claimed not only the damages hereinabove specified but in addition claimed damages suffered by the three children born of a former marriage by his deceased wife for the loss of *555 services and support rendered to them by her. The trial court entered a pre-trial order holding that such damages were not recoverable in this suit brought by appellant, and precluded the introduction of any evidence relating to this issue. In so holding it is our view that the trial judge was eminently correct.
Section 768.01, popularly known as the Death by Wrongful Act Statute, creates a cause of action for damages resulting from the wrongful death of another. F.S. Section 768.02, F.S.A., specifies those in whom the cause of action shall vest, and provides that in every such action the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the party killed. This statute, being in derogation of the common law, must be strictly construed. It does not purport to provide a remedy whereby the interest of all parties who suffer damage as a result of the wrongful death of another may be fully and completely protected. If the cause of action exists in any one of the class of persons enumerated in the statute, the rights of all others occupying a lower priority to maintain an action are excluded.
Appellant instituted this suit as a surviving spouse of the decedent and is entitled to recover only such damages as he has suffered. Since he is not legally obligated to care for or provide services and support to the children born of his wife's prior marriage to another, the loss of such support and services due to the death of his wife is not a damage which he has suffered or for which he may recover in this action.[1] Although this conclusion will from a humanitarian standpoint appear to work an unconscionable hardship on the children of decedent's former marriage, it is a condition which can be remedied only by amendment to the statute.[2] For this court to attempt to grant recourse when none is provided by law would be tantamount to legislating by judicial decree a temptation which this court has thus far been successful in resisting.
It is with extreme reluctance that we find it necessary to take the action herein indicated, but we have no alternative but to reverse the judgment appealed and remand the cause for a new trial on all issues.[3]
Reversed and remanded.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] See Randolph v. Clack, (Fla.App. 1959) 113 So.2d 270.
[2] See Ellis v. Brown, (Fla. 1955) 77 So.2d 845.
[3] Marvin v. Byrd, (Fla. 1953) 67 So.2d 416; Allen v. Powell et al. (1943) 152 Fla. 443, 12 So.2d 378.