SACK, Judge.
This case presents the question of whether a husband whose negligence or gross negligence caused or contributed to the death of his wife forfeits his right of action under the Wrongful Death Act, F.S. § 768.01, et seq. F.S.A. thereby permitting such an action to be maintained by his stepchildren, the natural children of the deceased wife, against him and a co-tort-feasor.
The appellant, plaintiff below, is guardian of the estates of the two natural children of Clara Nareski, wife of Joseph Nareski. The amended complaint, in the first count, charges that the defendants, Joseph Nareski and Atlantic Coast Line Railroad Company (and its employee, Bainbridge), by their several or concurring negligence caused the death of Clara Nareski in a railroad crossing accident, while Clara Nareski was riding in an automobile owned and operated by her husband. The second count was the same as the first, except that Joseph Nareski is charged with gross negligence.
In addition to other grounds contained in the motions to dismiss the amended complaint there was the further ground that Nareski, who had priority under the Death Statute, had pending in the same Court an action to recover damages against the Coast Line for his wife’s alleged wrongful death. The latter point was conceded. The motions to dismiss were sustained, and it appearing to the lower Court that further amendment was futile in view of the pendency of Nareski’s suit, the complaint was dismissed, final judgment was rendered against appellant, and this appeal follows.
There is no question that, apart from Nareski’s alleged participation in the accident, Mrs. Nareski’s children would have no right of recovery since Nareski had first priority under Sec. 768.02, F.S.A. As we pointed out in Holland v. Hall, Fla.App., 145 So.2d 552.
“Section 768.01, popularly known as the Death by Wrongful Act Statute, creates a cause of action for damages resulting from the wrongful death of another. F.S. Section 768.02, F.S.A., specifies those in whom the cause of action shall vest, and provides that in every such action the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the party killed. This statute, being in derogation of the common law, must be strictly construed. It does not purport to provide a remedy whereby the interest of all parties who suffer damage as a result of the wrongful death of another may be fully and completely protected. If the cause of action exists in any one of the class of persons enumerated in the statute, the rights of all others occupying a lower priority to maintain an action are excluded.”
The contention that Nareski was not legally obligated for the support of his stepchildren, and that the refusal to accord a right of action to them was unjust cannot be sustained, not only on Holland v. Hall, supra, but on the language of Mr. Justice Elwyn Thomas, writing for the Second District Court of Appeal in Randolph v. Clack, Fla., 113 So.2d 270:
“But we do not feel free to liberalize the construction of Sec. 768.02, supra, so as to make it read that although minor children may sue only if there is no widow surviving the deceased they still may sue, after the widow has settled *71 her claim, if they are children of the deceased by a former marriage on the theory, presumably, that she was compensated for her loss, while the children were not.
“Perhaps remedial legislation more thoroughly providing for eventualities that could result in injustice, such as the failure of a surviving spouse to sue, or to squander, to the detriment of children, of money recovered or, as in this case, the recovery by a spouse who has no responsibility for the welfare of the children of her mate from a former union, is necessary, and these situations may commend themselves to the legislature but we cannot arrogate to this court the power to operate so extensively in what we consider a legislative field.”
Coming now to the claim that Nareski’s negligence, or even gross negligence, caused or contributed to his wife’s death, the argument pressed upon us is that this is to be equated with an intentional tort, such as murder in Shiver v. Sessions, Fla., 80 So.2d 905, so that the principle that one ought not profit by his own unlawful act would come into play and thereby permit the plaintiff to sue because of the forfeiture of Nareski’s priority position. However, in Carter v. Carter, Fla., 88 So.2d 153, where the killing of the husband by the wife, was set up as a defense to her recovery on an insurance policy, the Supreme Court said:
“If, however, the evidence preponderates in favor of justification or excuse, an example of which would be self-defense, accident or insanity, then there would be no area for the application of the rule that would prevent her recovery. The burden of proof in the first instance will rest on the party who alleges that the killing was intentional and unlawful.” (Emphasis supplied).
The clear intimation here is that the principle in question ought to come into play only where there is an intentional act designed to cause death, and this we believe to be the sound rule. Any idea that mere negligence should be treated as the equivalent of such an intentional act is repugnant to our judicial sense, and the same applies to gross negligence under the current state of interpretation of that term.
Finding no reversible error, the judgment below is affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.