206 So.2d 231 (1968)
Randall FUSSELL, Karen Fussell, Debra Fussell, and Timothy Fussell, by Their Father and Next Friend, James Earl Fussell, Appellants,
v.
Harry D. DOUBERLY, Appellee. and
Redwing Carriers, Inc., a Corporation, Appellee.
Nos. 67-34, 67-35.
District Court of Appeal of Florida. Second District.
January 17, 1968.
E. Jack Boggs and James Thompson, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellants.
James M. McEwen, of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, and Walter W. Manley, Lakeland, for appellee Harry D. Douberly.
Shackleford, Farrior, Stallings & Evans, Tampa, for appellee Redwing Carriers, Inc.
HOBSON, Judge.
The appellants appeal a final judgment entered in favor of the appellee, Harry D. Douberly, and against the defendant, Redwing Carriers, Inc. The appellants also *232 appeal an order of the lower court entered on November 22, 1966 which will subsequently be discussed in more detail.
Appellee Douberly was legally married to appellants' mother Ernell Fussell Douberly, at the time of her death on January 12, 1965. They were married on December 23, 1961 and appellants allege that appellee Douberly undertook to support and did support appellants from the time of his marriage to their mother until her death, at which time he abandoned them and refused to support them. At no time did appellee Douberly adopt any of the appellants. Appellee Douberly brought suit against appellee Redwing for the death of his wife under the Florida Wrongful Death Act, Florida Statute 768.01-.02, F.S.A. The appellants, as the minor children of the deceased and stepchildren of the appellee Douberly, asserted an interest in the litigation, at which time appellee Redwing moved to add the appellants as additional parties. This motion was granted and the appellants filed a statement of their claims against both appellee Douberly and Redwing.
Basically, appellants' claim was brought against Redwing under the Florida Wrongful Death Act alleging that because appellee Douberly had undertaken to support and did support appellants from the time of his marriage to appellants' mother until her death that he thereby became legally obligated to support them as if they were his natural minor children. They further asserted that upon the death of their mother he abandoned them and refused to support them. Appellants prayed for the entry of an order requiring appellee Douberly to support them and to impress a constructive trust upon any proceeds that appellee Douberly might recover from appellee Redwing as a means of partially enforcing their claimed obligation of support from appellee Douberly.
Upon the motion of appellee Douberly, the court in the appealed order mentioned above held as a matter of law that Douberly was legally married to appellants' mother at the time of her death; that he was the sole and proper person to maintain an action for the wrongful death of appellants' mother and that appellants had no right, title or interest in and to any judgment obtained by Douberly against Redwing.
Appellee Douberly settled with Redwing and the court entered the final judgment appealed in the amount of $31,500 for appellee Douberly and against appellee Redwing.
The appellants argue that where a stepfather assumes the responsibility of support of his wife's children by a previous marriage he then becomes liable for their support the same as if they were his natural children. Appellants cite as authority for their position Johnson v. Midland Constructors, Inc., 1943, 152 Fla. 289, 11 So.2d 895. The Johnson case held that under the Workmen's Compensation Act a wife's minor daughter by a previous marriage was entitled to compensation for her stepfather's accidental death in the course of his employment because he had assumed the responsibility for her support. Under the liberal constructions given our Florida Workmen's Compensation Act we do not quarrel with the Johnson case. However, we have not found, nor have the appellants cited us, any case either Florida or foreign jurisdiction which holds that a stepfather, even though he has assumed the responsibility for his stepchild's support, is under a legal obligation to support such stepchild.
It appears from the record that the natural father, James Earl Fussell, was living at the time they filed their third party complaint and that appellee Douberly was their stepfather. Under these circumstances, and assuming that appellee Douberly had supported the appellants from the time of his marriage to their mother until her death and then abandoned them, this still does not attach a legal responsibility to appellee Douberly of the support of the appellants.
*233 It is the law of Florida that if there is a surviving spouse the cause of action for wrongful death shall vest in such spouse and that the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the deceased party. This first priority is set out under Section 768.02, Florida Statutes 1965, F.S.A. This was succinctly set out in Holland v. Hall, Fla.App. 1962, 145 So.2d 552, at page 555:
"Section 768.01, popularly known as the Death by Wrongful Act Statute, creates a cause of action for damages resulting from the wrongful death of another. F.S. Section 768.02, F.S.A., specifies those in whom the cause of action shall vest, and provides that in every such action the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the party killed. This statute, being in derogation of the common law, must be strictly construed. It does not purport to provide a remedy whereby the interest of all parties who suffer damage as a result of the wrongful death of another may be fully and completely protected. If the cause of action exists in any one of the class of persons enumerated in the statute, the rights of all others occupying a lower priority to maintain an action are excluded."
It should be noted that the Holland case deals specifically with the question of whether or not a surviving husband is entitled to damages suffered by three minors born of a former marriage by his deceased wife for the loss of services and support rendered to them by her. In holding that such damages were not recoverable the court said at page 555:
"Appellant instituted this suit as a surviving spouse of the decedent and is entitled to recover only such damages as he has suffered. Since he is not legally obligated to care for or provide services and support to the children born of his wife's prior marriage to another, the loss of such support and services due to the death of his wife is not a damage which he has suffered or for which he may recover in this action.[1] Although this conclusion will from a humanitarian standpoint appear to work an unconscionable hardship on the children of decedent's former marriage, it is a condition which can be remedied only by amendment to the statute.[2]
"[1] See Randolph v. Clack, (Fla.App. 1959) 113 So.2d 270.
[2] See Ellis v. Brown, (Fla. 1955) 77 So.2d 845."
In the recent case of Strickland v. Atlantic Coast Line Railroad Company, Fla.App. 1967, 194 So.2d 69, the court stated on pages 70-71:
"The contention that Nareski was not legally obligated for the support of his stepchildren, and that the refusal to accord a right of action to them was unjust cannot be sustained, not only on Holland v. Hall, supra, but on the language of Mr. Justice Elwyn Thomas, writing for the Second District Court of Appeal in Randolph v. Clack, Fla. [App.] 113 So.2d 270:
"`But we do not feel free to liberalize the construction of Sec. 768.02, supra, so as to make it read that although minor children may sue only if there is no widow surviving the deceased they still may sue, after the widow has settled her claim, if they are children of the deceased by a former marriage on the theory, presumably, that she was compensated for her loss, while the children were not.
"`Perhaps remedial legislation more thoroughly providing for eventualities that could result in injustice, such as the failure of a surviving spouse to sue, or to squander, to the detriment of children, of money recovered or, as in this case, the recovery by a spouse who has no responsibility for the welfare of the children of her mate from a former union, is necessary, and these *234 situations may commend themselves to the legislature but we cannot arrogate to this court the power to operate so extensively in what we consider a legislative field.'"
The appellants contend that the precise question involved in the case sub judice is not controlled by the Randolph and Holland cases, supra, and that the fact that appellee Douberly recovered "handsomely because of the existence of the minor children he has abandoned, contrary to the theory of Holland v. Hall" he should be held to account for some of the monies he received as trust funds for the support of appellants. The fallacy which is readily apparent is the assumption of the appellants that appellee Douberly recovered damages to which he was not entitled, to-wit, damages suffered by the appellants.
We wish to concur in the words of Mr. Justice Thomas in Randolph v. Clack, supra, and again bring to the attention of the legislature the possibilities of circumstances which could result in injustice.
Finding no reversible error, the judgment and order appealed are affirmed.
LILES, C.J., and ALLEN, J., concur.