231 So.2d 50 (1970)
Frank POWELL, Sr., Appellant,
v.
Milton John GESSNER, Appellee.
No. 2541.
District Court of Appeal of Florida. Fourth District.
January 30, 1970.
Harry Lee Anstead and James F. Simpson of Simpson & Anstead, West Palm Beach, for appellant.
Lake Lytal, Jr., of Howell, Kirby, Montgomery & D'Aiuto, West Palm Beach, for appellee.
*51 OWEN, Judge.
A summary final judgment was entered in favor of defendant in this wrongful death action brought under Sections 768.01-768.02, F.S. 1967, F.S.A., when it was determined that the deceased, Frank Powell, Jr., was survived by a living minor child whose right to the cause of action was superior to the right of action which plaintiff claimed as one dependent upon the deceased for support. Plaintiff appeals from such final summary judgment.
In what appears to be a case of first impression in this state, we are called upon to decide whether a minor child, the death of whose natural parent results through the negligence of another, is a "minor child" of the deceased within the meaning and intent of the wrongful death statute, Sections 768.01-768.02, F.S. 1967, F.S.A., when prior to the death of the natural parent the minor child was legally adopted by others. The lower court answered this question in the affirmative.
The facts applicable to this point can be stated quite briefly. The deceased, Frank Powell, Jr., was married in May, 1965. In December, 1965 his wife bore a child who was named Michael. Shortly thereafter Powell and his wife were divorced and he returned to his parents' home where he continued to live up until the time of his death in November, 1967. While living with his parents, Frank Powell, Jr. contributed between $30 and $50 per week to his parents, allegedly for their support. In June, 1966, the child Michael was legally adopted by the aunt and uncle of Frank Powell, Jr., and the child's name was changed. Thereafter, the child lived with its adopted parents and was still living with them at the time the court entered the final summary judgment herein.
It is our view and we so hold that under the facts of this case, the legal adoption of the decedent's natural minor child prior to decedent's death had the effect of removing the child from the category of a surviving "minor child" within the meaning and intent of Section 768.02, F.S. 1967. We reach this conclusion by two different lines of reasoning, either one of which we feel would be entirely sufficient by itself to sustain our view.
In the first place, the status of a child in respect to its right to sue for the wrongful death of a parent is determined at the time of the death of the parent. Florida Power & Light Co. v. Bridgeman, 1938, 133 Fla. 195, 182 So. 911. The decedent's child having been legally adopted by others prior to the decedent's death, we need to determine the effect, if any, which the judgment or decree of adoption had upon the child's relationship to its natural parent. We think the answer is clearly stated in Section 63.151, F.S. 1967, F.S.A., which provides in its material portions as follows:
"Effect of adoption. By any judgment or decree of adoption the child shall be the child and legal heir of the adopting parent or parents, entitled to all rights and privileges, and subject to all obligations, of a child born to such parent or parents in lawful wedlock. After the adoption the natural parents, if living, are relieved of all legal duties and obligations due from them to the child and are divested of all rights with respect to the child * * *. Nothing in this law shall prevent a legally adopted child from inheriting from the natural parents under the laws of this state or any state."
With the exception of the right to inherit from the natural parents which is expressly reserved, we view this statute as providing that the effect of a judgment or decree of adoption completely severs every legal and moral tie which theretofore existed between the child and its natural parent or parents. The legislature intended this statute to place the adopted child as far as possible in the same position as the natural child [of the adoptive parents] *52 for all intents and purposes. In re Baker's Estate, Fla.App. 1965, 172 So.2d 268. The logical corollary, although admittedly not one which must mandatorily be drawn from such proposition, is that to all intents and purposes (except as expressly provided), the child is removed from its former relationship to the natural parent.
Considered in this light, it seems clear that the reference in Section 768.02, F.S. 1967, F.S.A., to "minor child or children" would logically exclude those who, in full contemplation of law, no longer occupy such status. Just as one ceased to be a minor upon reaching the age of 21 years, Florida Power & Light Co. v. Bridgeman, supra, so it would seem that one would cease to be a child [of the natural parent] upon the entry of a judgment or decree of adoption by another during the lifetime of the natural parent. Of course, by the same token, such adopted child being entitled by statute to all rights and privileges of a child born to the adopting parent or parents in lawful wedlock, would obviously be within the class of "minor child or children" in the event of the wrongful death of the adoptive parent or parents during the adopted child's minority.
The second line of reasoning we have followed to reach the same result is somewhat related to the above. The wrongful death statute was enacted to provide a remedy where none theretofore existed under the common law. Florida Cent. & P.R. Co. v. Foxworth, 1899, 41 Fla. 1, 25 So. 338. Simply stated, it was designed to provide a remedy for certain persons who sustained a loss due to the death of another. Unfortunately, there are recognized inequities in the statute as it now exists, and it has been stated that the statute does not purport to provide a remedy whereby the interest of all parties who suffer damages as a result of a wrongful death of another may be fully and completely protected. Holland v. Hall, Fla. App. 1962, 145 So.2d 552. But it was certainly the legislative intent that the remedy which had been provided would at least vest in someone who had sustained a compensable loss notwithstanding that once the remedy vests in a person or persons having a superior right, those with an inferior right of action may find themselves with no redress for their loss. Cf. Fussell v. Douberly, Fla.App. 1968, 206 So.2d 231, and cases therein cited.
It is recognized that in an action by a minor child for the wrongful death of its father, the child is entitled to recover for the loss of support which the father was required to furnish up to the time the child reached the age of 21 years, together with damages to compensate for the loss of the father's attention, care, companionship, comfort, protection, education and moral training. 9 Fla.Jur., Death by Wrongful Act, § 37; Florida Standard Jury Instruction 6.5. But as we have heretofore noted, by virtue of Section 63.151, F.S. 1967, F.S.A., the legal effect of the judgment or decree of adoption is to eliminate the natural father's responsibility for and the child's entitlement to each and every one of the above enumerated elements of damages. Consequently, to vest the right of action in one who has no compensable damages would seem to be contrary to the legislative intent as it would, from a practical point of view, render the right of action a brutum fulmen. When consideration is given to the fact that any vesting of the cause of action in the adopted minor child who could not legally sustain a loss in this case would have the effect of preventing the right of action from vesting in one of an inferior class who could legally sustain a loss, the result becomes not only illogical but makes a farce of the law.
A view contrary to that which we reach in this case has been adopted in some other jurisdictions. These cases are collected and discussed in an annotation appearing at 67 A.L.R.2d 745. The two which appear most nearly on point, Macon, D. & S.R. Co. v. Porter, 1942, 195 Ga. 40, 22 *53 S.E.2d 818 and Barnard v. Dallas R. & Terminal Co., N.D.Tex. 1945, 63 F. Supp. 344, were cited and discussed by the trial court in the judgment here appealed. Although these cases are admittedly persuasive, we find valid distinguishing features.
In Texas, actions for damages arising from death are for the sole and exclusive benefit of and may be brought by the surviving spouse, children and parents, or by either of them for the benefit of all, with damages distributed among them depending upon their particular loss. Thus, allowing the adopted child to maintain an action for the death of the natural parent did not thereby deprive any of the beneficiaries of the right to recover. This is one distinguishing feature. In a later federal case interpreting Texas law, Miller v. Alexandria Truck Lines, Inc., 5 Cir.1960, 273 F.2d 897, 79 A.L.R.2d 812, the court stated that under Texas law adopted children whose adoptive parents did not adequately support them still had a right to look to the natural parents for support as well as care, counsel and advice. If this is indeed the law of Texas, it represents a further important distinction, since in Florida an adopted child does not have the right to look to the natural parent for support, care, counsel and advice.
In the Georgia case above cited, the child had been adopted only by an aunt of the natural father, there being no adoptive father. Under these facts the Georgia court held that the child still had a cause of action for the wrongful death of his natural father. But in a subsequent decision, New Amsterdam Casualty Co. v. Freeland, 1960, 216 Ga. 491, 117 S.E.2d 538, the Supreme Court of Georgia in referring to the Macon case, supra, expressly noted that in the Macon case the adoption by the aunt alone did not sever the relationship between the child and the natural father because there had not been an adoptive father. The implication was that had there been an adoptive father, the result would have been different. Even though we do not consider it necessary that there be an adoptive father before it can be said that the relationship of the natural father to the adopted child has been severed, there was an adoptive father in the case at bar, thereby distinguishing this case from the Georgia case.
We deem it important to note that our decision in this case turns upon our determination of the legislative intent in a factual situation which we feel was not contemplated by the legislature. There is judicial precedent for determining the legislative intent when a factual situation arises which was not contemplated by the legislature. In the case of Haddock v. Florida Motor Lines Corp., 1942, 150 Fla. 848, 9 So.2d 98, the court recognized that when the legislature enacted Section 7049 CGL (now Section 768.03, F.S. 1967, F.S.A.), giving to the parents a joint cause of action for the wrongful death of a minor child but providing that the same was to be brought in the father's name, the legislature contemplated a situation where the mother and father were married. Faced with the factual situation of the parents being divorced and the mother having the lawful custody of the deceased child, the court construed the statute so as to carry out the obvious legislative intent. We think a similar situation is involved here in that the legislature contemplated that the "minor child" to whom a right of action accrued for the wrongful death of the parent would be a child with whom there still existed, at the time of the parent's death, the legal relationship of parent and child with its accompanying rights and privileges and duties and obligations. We think it logical that the legislature did not contemplate and would not have intended that a child who has been removed from such legal relationship of parent and child through legal adoption during the lifetime of the natural parent, would thereafter upon death of such parent be within the classification of a surviving "minor child".
*54 We deem it also important to expressly note that our decision in this case does not hinge upon the question of the child's dependency or lack of dependency upon the natural parent, as dependency alone does not establish or destroy the right of action in a minor child. Florida Power & Light Co. v. Bridgeman, supra. Our discussion of the lack of dependency is corollary to and the result of our basic determination that the legal effect of an adoption decree is to completely sever (subject to exceptions already noted) the relationship theretofore existing between the natural parent and the child.
Appellant has assigned as error the denial of his motion for a partial summary judgment establishing the non-existence of a surviving spouse or minor child having a right of action superior to that of the plaintiff. The record discloses without factual dispute that the deceased was not survived by a spouse, or by any minor child or children other than the one child which had been adopted by the decedent's aunt and uncle prior to decedent's death. In view of our holding in this case (which now becomes the law of the case) there would appear to be no reason why the plaintiff would not be entitled, upon remand, to the entry of a partial summary judgment in his favor as to the absence of any person having a right of action superior to the plaintiff. Other points raised by appellant have not been considered as we deem it unnecessary to do so in view of our disposition of the case.
The final summary judgment appealed is reversed and this cause remanded for further proceedings consistent with our holding herein.
Reversed and remanded.
WALDEN and REED, JJ., concur.