**PRICE, et al v. CONTINENTAL INSURANCE CO., et al.**
No. 720934.
Circuit Court, Lake County.
October 9, 1972.

Brian C. Sanders of Sanders, McEwan, Mims & McDonald, Orlando, for the plaintiffs.

Donald L. Gattis, Jr. of Maguire, Voorhis & Wells, Orlando, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

This cause having come on to be heard on the 2nd day of August, 1972, upon the motion to dismiss complaint and motion to strike complaint filed by the defendants, the court having considered the argument of counsel, and the positions in authority set forth hereinafter, and being duly advised, the court finds —

## Statement of the facts

The complaint sounds in wrongful death under Florida Statutes 768.01 and 768.02. Action is brought by Ryman I. Price, surviving widow of David Edward Price, individually, and as guardian of the persons and property of the minor children of the deceased, and each of the said minor children individually sue through her. The claims of the minors are set forth beginning at paragraph 10 of the complaint in separate claims, running through paragraph 13. The motion to dismiss is predicated upon alleged failure to set forth sufficient allegations of ultimate fact to establish breach of duty. The motion to strike complaint shows as grounds — "The widow herein has the exclusive right to sue for the death of David Edward Price, and these minor children as a matter of law have no cause of action. The names of these minor children should be stricken from the introductory paragraph of this complaint."

## Contentions of the defendant

In addition to the contention regarding the sufficiency of pleading with which the court will deal hereafter, the defendant claims that the widow had the exclusive right to sue, that the losses to the children for the impairment of their rights to support and care, are included in the widow's claim for the loss of her husband and his assistance in the support and rearing of her children, and that accordingly the widow's claim is the only claim which can be presented. The issue is not whether the items of damage may be claimed, but rather who may claim them, and in whose right. For this proposition the defendant relies upon Fussell v. Douberly, 206 So.2d 231, Holland v. Hall, 145 So.2d 552, and Randolph v. Clack, 113 So.2d 270. The defendant also relies upon its interpretation

of Garner v. Ward, 251 So.2d 252. The defendant urges that the fair interpretation of Garner v. Ward, and the only permissible interpretation, is that it is restricted to situations where the family relationship has been severed, and the effect of the strict application of the statute would be to leave dependent children or their family members without support or remedy, to the benefit of strangers to their blood. It is contended that in all other cases, inasmuch as Garner v. Ward is predicated upon a remedial interpretation of the statute, the original procedure declared by the legislature and Florida Statute 768.02 must obtain.

## Contentions of the plaintiff

The plaintiff contends that minor children suing through their parents are appropriate parties, and that they may join in an action to protect their own rights as parties in all instances arising under §768.01, irrespective of whether the family relationship has as of the date of the filing of the action been altered to vest the right of control in a stranger. In this regard, the plaintiff urges both Garner v. Ward, supra, and Powell v. Gessner, 231 So.2d 50, and the declaration of purpose in Haddock, for the use and benefit of Wiggins v. Florida Motor Lines Corporation, 9 So.2d 98, which remedial statement of purpose was adopted by the Supreme Court in Garner v. Ward. The plaintiff urges also section 21 of article I of the Florida Constitution of 1968, relating to access to courts and section 1, article I, of the Declaration of Rights relating to equal treatment before the law.

It is the contention of the plaintiff that Garner v. Ward establishes the intention of the legislature to give a remedy to dependent children, as is expressly stated on page 256 of the opinion. It is further contended that Garner v. Ward authorizes all persons who suffer loss as a result of a wrongful death to join in an action as proper parties. The plaintiff further urges that the remedial purpose of the statute for the protection of the dependents, intended by the legislature and declared by the Supreme Court in Garner v. Ward, is as strongly applicable to the situation wherein the parent providing support has been killed and they remain in the custody of their natural mother, as where the person bringing the action in the first instance as the widow was a stranger to their blood. Plaintiffs urge that in both situations the remedial purpose of the protection of the children's interest requires that an evenhanded and equal interpretation of the statute be made to effect its remedial purpose of protection of the children. The plaintiffs urge that a contrary interpretation would effectively deprive the children of their right to access to courts and to the equal protection of the law of the state of Florida.

## Decision of the court

It is the decision of the court that the motion to strike be denied and that the complaint be permitted to stand in its present form.

## Rationale

At the outset the court is impressed by the fact that a literal reading of Garner v. Ward permits the procedure adopted. The court therein does not undertake to restrict its interpretation of the statute to the propriety of the joinder of protected persons as parties — to the step-parent or "stranger to the blood" situation. The court further notes the fact that it is the defendant, rather than the widow, who urges this position upon it. The sole question is the manner in which they may be advanced, and the assurance that the form in which they are presented is such as to effect the remedial purpose of the legislature in enacting the statute, to-wit: the protection of the dependents. Under such circumstances, it is difficult to conceive what harm to the defendant would be worked by the procedure at bar. Neither can the court ignore the fact that the only person whose interest might arguably be adversely affected, to-wit: Ryman I. Price, joins in the complaint as constituted. The defendant has ably argued that such a showing of concern vindicates the judgment of the legislature, and shows upon its face that there is no need to invoke a liberal interpretation of the statute to achieve the purpose intended by the Wrongful Death Act in this instance. However, the court is constrained to reject this argument, made so ably and forcefully by counsel for the defendant, on the following basis —

1. In circumstances wherein a widow presents a claim under the Wrongful Death Act, the prospect of marriage, followed by such occurrences as intestacy, may not be ignored. Under such circumstances the frustration of the legislature's intent that funds apportionable by reason of the loss to the children, inure entirely for their benefit, may, in part, be worked.

2. Even in the absence of the foregoing, upon the attainment of the children's majority, should the funds recovered have not been entirely expended, the question quite foreseeably may arise regarding the extent of the children's entitlement in the remaining fund, if any.

3. The court is constrained to construe the Wrongful Death Act in harmony with those other statutes having the same general purpose, though not enacted at the same time as the Supreme Court rendered its decision in Garner v. Ward. Among these statutes are §744.601 and §744.13. Inherent in the argument

presented by counsel for defendant is that it was the intent of the legislature to constitute in wrongful death cases the surviving natural parent as the natural guardian of the minor children — without court supervision and without bond. In all other cases where damages are awarded by reason of injury to the legal interest of the child, including those cases where the child has the benefit and protection of both of its natural parents, where the amount exceeds that provided by the above referenced statutes, the child is to have the protection of court supervision and its rights are legally recognized in the proceeds of any judgment or settlement. Given the ruling of the Supreme Court, that the purpose of the legislature in enacting the Wrongful Death Act was remedial and for the protection of those injured, including minor children, and further given the extreme difficulty of the effectuation of such a purpose if the Act be construed as vesting a cause of action in the surviving parent wherein recovery is in her own right, with apportionment between her injury and the injury occasioned to the children, the court is impelled to the conclusion that the force of the ruling of the Supreme Court in Garner v. Ward extends to the benefit of all dependent children who suffer loss by reason of the death of a parent.

4. In light of the foregoing considerations, the court is not persuaded that a fair reading of §768.02 — which provides that every action for wrongful death shall be brought by and in the name of the widow or husband, and where there is neither, the minor children may maintain an action — necessarily prevents the joinder of the minor children suing by an action brought through the widow and in her name as guardian of their persons and property.

5. The court is further impressed by the fact that the Supreme Court in Garner v. Ward bottomed its decision in part upon the right of dependent children who suffer loss to seek the protection of the court for redress of their injury. Given the court's holding that the legislature intended to create the right in the minor dependent children, it is difficult to avoid the force of the argument that article I, section 21, of the Florida Constitution must in that event necessarily be applicable to assure the availability of access to courts, not only for children of broken marriages, but for all children who have been given a common right. The contrary interpretation of §768.02 would not be the favored view under the canons of construction. This is more particularly true in a situation where the interpretation urged would have the effect of completely frustrating a remedy for persons who had admittedly

been given a right, all within the same class — predicated solely upon the distinction of whether the family relationship is subsisting at the time the action is brought. This interpretation would raise grave questions, not only under the access to court provisions of our constitution, but also under the provisions thereof relating to equal protection heretofore set forth. Again, for this reason, under the canons of construction, it is not an interpretation to be favored. While the legislature unquestionably has authority to vest causes of action in classes in descending order or priority, its authority (having created a right in persons within a class) to accord remedy for the abridgment of that right to one member of such class and to deny it altogether to another member of the class, predicated solely upon the foregoing familial considerations is subject to question. It should not be confused with the power of the legislature to afford different remedies predicated upon familial considerations.

In summary it is the court's construction of Garner v. Ward that the Supreme Court has recognized that the Wrongful Death Act created a right in all minor dependent children injured by the wrongful death of a parent. It was the intention of the Supreme Court to permit their joinder in a wrongful death action. The Supreme Court in essence construed §768.02 as authorizing the surviving parent as natural guardian and next friend to have control and management of the entire action, including that portion of the action as relates to the children, except in those circumstances where the underlying purpose of protecting the children would not be achieved thereby. This construction is one consistent with the rationale of the Supreme Court, the constitutions of the state of Florida and of the United States, and the further expression by the legislature of its remedial intention contained in the recent amendments to the Wrongful Death Act. It has the advantage of providing a uniform practice in such cases, which not only will not prejudice the defendant, but by permitting defendants to join minor children, will allow them to resolve in one action all questions regarding rights of the children where the court may protect not only the children, but also the defendant against the peril of successive and conflicting claims. The court has further considered the question of the adequacy of the pleading to which the motion to dismiss was addressed, and in light of Fountainbleu v. Walters, 246 So.2d 563, holds the complaint to be sufficient on the allegations thereof.

It is accordingly considered, ordered and adjudged that the motion to dismiss is denied and the motion to strike is denied, save and except as to the last six lines of paragraph 8, wherein the motion to strike is granted.